Patrick J. Nash, Jr. (*pro hac vice* pending)
Jeffrey D. Pawlitz (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

- and -

Joshua A. Sussberg (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Dion W. Hayes (VSB No. 34304)
John H. Maddock III (VSB No. 41011)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Telephone:    (804) 775-1000
Facsimile:    (804) 775-1061

*Proposed Attorneys for the Debtors and
Debtors in Possession*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMF BOWLING WORLDWIDE, INC., *et al.*,[1] | ) | Case No. 12-36495 (KRH) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

---

[1]   The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: AMF Bowling Worldwide, Inc. (3272); 300, Inc. (3632); American Recreation Centers, Inc. (1151); AMF BCH LLC (9642); AMF Beverage Company of Oregon, Inc. (4960); AMF Bowling Centers Holdings Inc. (1697); AMF Bowling Centers, Inc. (1662); AMF Bowling Mexico Holding, Inc. (7931); AMF Holdings, Inc. (5037); AMF WBCH LLC (9643); AMF Worldwide Bowling Centers Holdings Inc. (1641); Boliches AMF, Inc. (9631); Bush River Corporation (7033); King Louie Lenexa, Inc. (0814); Kingpin Holdings, LLC (5411); and Kingpin Intermediate Corp. (5447). The location of the Debtors' service address is: 7313 Bell Creek Road, Mechanicsville, Virginia 23111.

**ORDER AUTHORIZING THE DEBTORS TO PAY 503(B)(9) CLAIMS AND MATERIALMAN'S LIENS CLAIMS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order authorizing, but not directing, the Debtors to pay claims held by the 503(b)(9) Claimants and Materialman's Lien Claimants (the "Order"), all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and any objections to the relief requested herein having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not directed, to pay the prepetition amounts owed to the 503(b)(9) Claimants in the ordinary course of the Debtors' business, as they fall due, up to $1.6 million, and the Materialman's Lien Claimants, in the ordinary course of business, as they fall

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2

due, up to $400,000. Such payments shall not be deemed to be a waiver of rights regarding the extent, validity, perfection, or possible avoidance of the related liens and payments.

3. The banks and financial institutions on which checks were drawn, or electronic payment requests were made in payment of prepetition obligations approved herein, are authorized and directed to receive, process, pay, and honor all such checks and electronic payment requests presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as being approved by this Order.

4. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests in respect of the unsecured claims that are dishonored or rejected.

5. Each of the financial institutions at which the Debtors maintain their accounts relating to the payment of the obligations described in the Motion is directed to honor checks presented for payment of obligations described in the Motion and all fund transfer requests made by the Debtors related thereto to the extent that sufficient funds are on deposit in such amounts.

6. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity of any claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' rights under the Bankruptcy Code or any other applicable law.

7. Notwithstanding the relief granted in this Order, any payment made by the Debtors pursuant to the authority granted herein shall be subject to the orders approving entry into debtor-in-possession financing and authorizing the continued use of cash collateral.

8. The requirements set forth in Bankruptcy 6003(b) are satisfied.

9. The requirement under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

10. Notice of the Motion as provided therein shall be deemed good and sufficient notice as to such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

14. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:
Richmond, Virginia

_____
UNITED STATES BANKRUPTCY JUDGE

WE ASK FOR THIS:

*/s/ Dion W. Hayes*
Dion W. Hayes (VSB No. 34304)
John H. Maddock III (VSB No. 41011)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Telephone:    (804) 775-1000
Facsimile:    (804) 775-1061

    - and -

Patrick J. Nash, Jr. (*pro hac vice* pending)
Jeffrey D. Pawlitz (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

    - and -

Joshua A. Sussberg (*pro hac vice* pending)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

*Proposed Attorneys for the Debtors and Debtors in Possession*

## CERTIFICATION OF ENDORSEMENT UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

    Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

                                               */s/ Dion W. Hayes*