Patrick J. Nash, Jr. (admitted *pro hac vice*)
Jeffrey D. Pawlitz (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

- and -

Joshua A. Sussberg (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

Dion W. Hayes (VSB No. 34304)
John H. Maddock III (VSB No. 41011)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Telephone:    (804) 775-1000
Facsimile:    (804) 775-1061

*Proposed Attorneys for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| AMF BOWLING WORLDWIDE, INC., *et al.*,[1] | ) Case No. 12-36495 (KRH) |
| Debtors. | ) Jointly Administered |

**MOTION TO SEAL RESPONSES AND REPLIES TO DEBTORS' MOTION FOR
ENTRY OF AN ORDER AUTHORIZING DEBTORS TO (I) ASSUME, OR
ASSUME AND ASSIGN, CERTAIN AMENDED MASTER AGREEMENTS
WITH iSTAR FINANCIAL AND CURE OUTSTANDING DEFAULTS RELATED
THERETO EFFECTIVE ONLY UPON CONSUMMATION OF DEBTORS'**

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: AMF Bowling Worldwide, Inc. (3272); 300, Inc. (3632); American Recreation Centers, Inc. (1151); AMF BCH LLC (9642); AMF Beverage Company of Oregon, Inc. (4960); AMF Bowling Centers Holdings, Inc. (1697); AMF Bowling Centers, Inc. (1662); AMF Bowling Mexico Holding, Inc. (7931); AMF Holdings, Inc. (5037); AMF WBCH LLC (9643); AMF Worldwide Bowling Centers Holdings, Inc. (1641); Boliches AMF, Inc. (9631); Bush River Corporation (7033); King Louie Lenexa, Inc. (0814); Kingpin Holdings, LLC (5411); and Kingpin Intermediate Corp. (5447). The location of the debtors' service address is: 7313 Bell Creek Road, Mechanicsville, Virginia 23111.

### RESTRUCTURING, AND (II) PAY OUTSTANDING PREPETITION RENT IMMEDIATELY UPON ENTRY OF SUCH ORDER

AMF Bowling Worldwide, Inc., and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors") file this motion (the "Motion") seeking entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, ordering parties to file any responses and replies to the *Debtors' Motion for Entry of an Order Authorizing the Debtors to (I) Assume, or Assume and Assign, Certain Amended Master Agreements with iStar Financial and Cure Outstanding Defaults Related Thereto Effective Only Upon Consummation of the Debtors' Restructuring, and (II) Pay Outstanding Prepetition Rent Immediately Upon Entry of Such Order* (the "iStar Motion") under seal. In support of the Motion, the Debtors respectfully state as follows.[2]

### Jurisdiction

1.      The United States Bankruptcy Court for the Eastern District of Virginia (the "Court") has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are section 107(b)(1) of the Bankruptcy Code and Rule 9018 of the Federal Rules of Bankruptcy Procedure.

### Relief Requested

3.      By this Motion, the Debtors respectfully request entry of an order directing parties to file responses and replies to the iStar Motion under seal.

---

[2] A detailed description of the Debtors and their businesses, and the facts and circumstances relating to the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Stephen D. Satterwhite, Chief Financial Officer and Chief Operating Officer of AMF Bowling Worldwide, Inc., in Support of Debtors' Chapter 11 Petitions and First Day Pleadings* (the "First Day Declaration") [Docket No. 24], filed contemporaneously with the Debtors' voluntary petitions for relief filed under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), on November 12, 2012.

**Basis for Relief**

4. Section 107(b) of the Bankruptcy Code authorizes the Court to issue orders to protect entities from potential harm caused by the disclosure of confidential information. In particular, section 107(b) provides that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . .

11 U.S.C. § 107(b)(1).

5. In addition, pursuant to Rule 9018 of the Federal Rules of Bankruptcy Procedure:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

6. In granting relief under section 107(b) of the Bankruptcy Code, "[t]he court determines whether the subject documents falls within the provisions § 107(b) and the appropriate remedy if they do." *In re Barney's, Inc.*, 201 B.R. 703, 707 (Bankr. S.D.N.Y. 1996). If the documents in question fall within the parameters of section 107(b), "the court is *required* to protect a requesting interested party and has no discretion to deny the application." *In re Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *see also In re Lomas Fin. Corp.*, 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991) (noting the broad scope of the term "commercial information"). Public access to the confidential record should be denied if "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986) (quoting *Press-Enter. I*, 464 U.S. 501, 510 (1984)); *see also In re Nunn*, 49 B.R. 963, 965 (Bankr. E.D. Va. 1985) (sealing customer list

because allowing "a competitor access to [creditor's] customer list would obviously have an adverse effect on [creditor]").

7. Moreover, similar relief has been granted by the Court in other large chapter 11 cases. *See In re LandAmerica Fin. Grp., Inc.*, No. 08-35994 (KRH) (Bankr. E.D. Va. Oct. 28, 2009); *In re Circuit City Stores, Inc.*, No. 08-35653 (KRH) (Bankr. E.D. Va. Jan. 5, 2009); *In re Canal Corp.*, No. 08-36642 (DOT) (Bankr. E.D. Va. Dec. 30, 2008); *In re Circuit City Stores, Inc.*, No. 08-35653 (KRH) (Bankr. E.D. Va. Dec. 24, 2008); *In re LandAmerica Fin. Grp., Inc.*, No. 08-35994 (KRH) (Bankr. E.D. Va. Dec. 24, 2008); *In re Circuit City Stores, Inc.*, No. 08-35653 (KRH) (Bankr. E.D. Va. Nov. 13, 2008).

8. The Debtors moved to file the iStar Motion under seal, which is scheduled for a hearing on December 6, 2012. *See* Docket No. 76. Due to the confidential and sensitive nature of the iStar Motion, the Debtors respectfully submit that good cause exists for the relief requested in the Motion to ensure that sensitive and confidential information regarding the iStar Motion is not revealed in any parties' responses or replies filed in connection with the iStar Motion. Moreover, any Order entered by the Court in connection with the iStar Motion also should be sealed.

9. The Debtors also request that the Court order all parties to deliver any responses or replies to the iStar Motion to Chambers for *in camera* review by the Court, and to the following parties, or their counsel, if known, on a confidential basis: (a) the Debtors; (b) Office of the United States Trustee for the Eastern District of Virginia (the "U.S. Trustee"); (c) iStar; (d) the agent for the Debtors' debtor-in-possession financing facility; (e) the agent for the Debtors' prepetition first lien credit facility; (f) the ad hoc group of first lien lenders; (g) the

agent for the Debtors' prepetition second lien credit facility; and (h) the ad hoc group of second lien lenders.

## Notice

10. The Debtors have provided notice of this Motion to the following parties or, in lieu thereof, to their counsel, if known: (a) the U.S. Trustee; (b) the entities listed on the consolidated list of creditors holding the thirty largest unsecured claims; (c) the agent for the Debtors' debtor-in-possession financing facility; (d) the agent for the Debtors' prepetition first lien credit facility; (e) the ad hoc group of first lien lenders; (f) the agent for the Debtors' prepetition second lien credit facility; (g) the ad hoc group of second lien lenders; (h) any party that may have a particular interest in this motion; (i) iStar; and (j) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Debtors respectfully submit that no further notice is necessary.

## No Prior Request

11. No prior request for relief sought herein has been made to this or any other Court.

[*Remainder of Page Intentionally Left Blank*]

WHEREFORE, the Debtors respectfully request that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

| | |
|---|---|
| Dated: November 17, 2012<br>Richmond, Virginia | AMF BOWLING WORLDWIDE, INC., ET AL.<br><br>By: /s/ *Dion W. Hayes*<br>Dion W. Hayes (VSB No. 34304)<br>John H. Maddock III (VSB No. 41011)<br>Sarah B. Boehm (VSB No. 45201)<br>MCGUIREWOODS LLP<br>One James Center<br>901 East Cary Street<br>Richmond, Virginia 23219<br>Telephone: (804) 775-1000<br>Facsimile: (804) 775-1061<br><br>- and -<br><br>Patrick J. Nash, Jr. (admitted *pro hac vice*)<br>Jeffrey D. Pawlitz (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Telephone: (312) 862-2000<br>Facsimile: (312) 862-2200<br><br>- and -<br><br>Joshua A. Sussberg (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 446-4800<br>Facsimile: (212) 446-4900<br><br>Proposed Attorneys for the Debtors and<br>Debtors in Possession |

**EXHIBIT A**

| | |
|---|---|
| Patrick J. Nash, Jr. (admitted *pro hac vice*) | Dion W. Hayes (VSB No. 34304) |
| Jeffrey D. Pawlitz (admitted *pro hac vice*) | John H. Maddock III (VSB No. 41011) |
| KIRKLAND & ELLIS LLP | Sarah B. Boehm (VSB No. 45201) |
| 300 North LaSalle | MCGUIREWOODS LLP |
| Chicago, Illinois 60654 | One James Center |
| Telephone: (312) 862-2000 | 901 East Cary Street |
| Facsimile: (312) 862-2200 | Richmond, Virginia 23219 |
| | Telephone: (804) 775-1000 |
| - and - | Facsimile: (804) 775-1061 |

Joshua A. Sussberg (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Proposed Attorneys for the Debtors and
Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| AMF BOWLING WORLDWIDE, INC., *et al.*,[1] | ) ) ) | Case No. 12-36495 (KRH) |
| Debtors. | ) ) ) | Jointly Administered |

**ORDER DIRECTING PARTIES TO FILE UNDER SEAL RESPONSES AND REPLIES TO DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTORS TO (I) ASSUME, OR ASSUME AND ASSIGN, CERTAIN AMENDED MASTER AGREEMENTS WITH iSTAR FINANCIAL AND CURE OUTSTANDING DEFAULTS**

---

[1] The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number include: AMF Bowling Worldwide, Inc. (3272); 300, Inc. (3632); American Recreation Centers, Inc. (1151); AMF BCH LLC (9642); AMF Beverage Company of Oregon, Inc. (4960); AMF Bowling Centers Holdings, Inc. (1697); AMF Bowling Centers, Inc. (1662); AMF Bowling Mexico Holding, Inc. (7931); AMF Holdings, Inc. (5037); AMF WBCH LLC (9643); AMF Worldwide Bowling Centers Holdings, Inc. (1641); Boliches AMF, Inc. (9631); Bush River Corporation (7033); King Louie Lenexa, Inc. (0814); Kingpin Holdings, LLC (5411); and Kingpin Intermediate Corp. (5447). The location of the Debtors' service address is: 7313 Bell Creek Road, Mechanicsville, Virginia 23111.

**RELATED THERETO EFFECTIVE ONLY UPON CONSUMMATION OF DEBTORS'
RESTRUCTURING, AND (II) PAY OUTSTANDING PREPETITION
RENT IMMEDIATELY UPON ENTRY OF SUCH ORDER**

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>") directing parties to file responses and replies to the iStar Motion under seal; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefore, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. All parties are hereby directed to file any responses and replies to the iStar Motion under seal and provide copies of the iStar Motion to Chambers for *in camera* review, and to the following parties, or their counsel, if known, on a confidential basis: (a) the Debtors; (b) the U.S. Trustee, (c) iStar; (d) the agent for the Debtors' debtor-in-possession financing facility; (e) the agent for the Debtors' prepetition first lien credit facility; (f) the ad hoc group of first lien lenders; (g) the agent for the Debtors' prepetition second lien credit facility; and (h) the ad hoc group of second lien lenders.

3. The Clerk of Court also shall seal any Order entered on the iStar Motion.

4. The requirements under Local Bankruptcy Rule 9013-1(G) to file a memorandum of law in connection with the Motion is hereby waived.

---

[2] Capitalized terms used and not otherwise defined herein shall have the meanings set forth to such terms in the Motion.

     5.     This Court retains exclusive jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

Dated: Richmond, Virginia

     _____

 

     _____
     The Honorable Kevin R. Huennekens
     United States Bankruptcy Judge

3

WE ASK FOR THIS:

/s/ *Dion W. Hayes*
Dion W. Hayes (VSB No. 34304)
John H. Maddock III (VSB No. 41011)
Sarah B. Boehm (VSB No. 45201)
MCGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Telephone: (804) 775-1000
Facsimile: (804) 775-1061

- and -

Patrick J. Nash, Jr. (admitted *pro hac vice*)
Jeffrey D. Pawlitz (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

- and -

Joshua A. Sussberg (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

Proposed Attorneys for the Debtors and
Debtors in Possession

## **CERTIFICATION OF ENDORSEMENT UNDER LOCAL RULE 9022-1(C)**

Pursuant to Local Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by all necessary parties.

*/s/ Dion W. Hayes*
Dion W. Hayes