Dion W. Hayes (VSB No. 34304)
John H. Maddock III (VSB No. 41044)
Sarah B. Boehm (VSB No. 45201)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Telephone:      (804) 775-7875
Facsimile:       (804) 775-1061

*Attorneys for the Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| AMF BOWLING WORLDWIDE, INC., *et al.*,[1] | ) ) ) | Case No. 12-36495 (KRH) |
| Reorganized Debtors. | ) ) ) | Jointly Administered |

**REORGANIZED DEBTORS' FIFTEENTH OMNIBUS OBJECTION
TO CLAIMS (DISALLOWANCE OF CERTAIN LITIGATION CLAIMS)**

AMF Bowling Worldwide, Inc. and its affiliates that are debtors in jointly administered cases (collectively, the "Reorganized Debtors") file their Fifteenth Omnibus Objection to Claims (Disallowance of Certain Litigation Claims) (the "Objection"), and hereby object to any Litigation Claims (as defined below) and move this Court, pursuant to sections 105 and 502 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the

---

[1] The Reorganized Debtors in the chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number include: AMF Bowling Worldwide, Inc. (3272); 300, Inc. (3632); American Recreation Centers, Inc. (1151); AMF BCH LLC (9642); AMF Beverage Company of Oregon, Inc. (4960); AMF Bowling Centers Holdings Inc. (1697); AMF Bowling Centers, Inc. (1662); AMF Bowling Mexico Holding, Inc. (7931); AMF Holdings, Inc. (5037); AMF WBCH LLC (9643); AMF Worldwide Bowling Centers Holdings Inc. (1641); Boliches AMF, Inc. (9631); Bush River Corporation (7033); King Louie Lenexa, Inc. (0814); Kingpin Holdings, LLC (5411); and Kingpin Intermediate Corp. (5447).  The location of the Reorganized Debtors' service address is: 7313 Bell Creek Road, Mechanicsville, Virginia 23111.

Eastern District of Virginia (the "Local Rules"), for an order, substantially in the form attached hereto as **Exhibit A**, granting the relief sought by this Objection. In support of this Objection, the Reorganized Debtors respectfully state as follows:

## JURISDICTION

1. This Court has jurisdiction to consider this Objection under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. §157(b). Venue of these cases and this Objection in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief requested herein are Bankruptcy Code sections 105 and 502, Bankruptcy Rule 3007, and Local Rule 3007-1.

## BACKGROUND

3. On November 13, 2012 (the "Petition Date"), each of the Reorganized Debtors filed with the Court its respective voluntary petition for relief under chapter 11 of the Bankruptcy Code commencing the above-captioned cases (the "Cases"). On November 14, 2012 the Court entered that certain *Order Directing Joint Administration of the Debtors' Chapter 11 Cases* [Docket No. 55], directing joint administration of the Cases under Case No. 12-36495, In re AMF Bowling Worldwide, Inc. (the "Lead Case").[2]

4. The Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing and balloting agent for the Reorganized Debtors in these chapter 11 cases pursuant to 28 U.S.C. § 156(c) [Docket No. 61].

5. On June 25, 2013, the Court entered that certain *Order Confirming the Third Modified Joint Plan of Reorganization of AMF Bowling Worldwide, Inc., and its Debtor*

---

[2] On August 13, 2013, the Court entered that certain *Order Granting Administrative Motion to Close Cases of Affiliate Reorganized Debtors Pursuant to 11 U.S.C. § 350(a) and Federal Rule of Bankruptcy Procedure 3022* [Docket No. 1147], closing each of the Cases, effective as of July 24, 2013, except for the Lead Case, which shall remain open pending the entry of a final decree by this Court.

2

*Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Confirmation Order") [Docket No. 1049], confirming the *Third Modified Joint Plan of Reorganization of AMF Bowling Worldwide, Inc., and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* (the "Plan")[3] [Docket No. 1023]. The Plan became effective on July 1, 2013 (the "Effective Date") [Docket No. 1069].

### OBJECTIONS TO CLAIMS

6. By this Objection, and as more fully set forth below, the Reorganized Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code sections 105(a) and 502, Bankruptcy Rule 3007 and Local Rule 3007-1, disallowing the claims listed on **Exhibit C** attached hereto (each a "Litigation Claim" and collectively, the "Litigation Claims").

7. For ease of reference, attached hereto as **Exhibit B** is an alphabetical listing of all claimants whose Litigation Claims are included in this Objection (each a "Claimant" and collectively, the "Claimants"), with a cross-reference by claim number, and the exhibit upon which the Claimant's claim is located. *See* Bankruptcy Rule 3007(e)(1) and (2).

8. **Exhibit C** contains a list of Litigation Claims for which the Reorganized Debtors contend they have no liability. The basis for the disallowance of the claims listed on **Exhibit C** attached hereto is that all of the Litigation Claims allege claims against the Reorganized Debtors arising from pending litigation, prospective litigation, or other threatened litigation claims. After reviewing the Litigation Claims, the bases upon which they are asserted, and reviewing their books and records, the Reorganized Debtors dispute any liability for the alleged Litigation Claims. Accordingly, the Reorganized Debtors request that the Litigation Claims identified on **Exhibit C** be disallowed for all purposes in these bankruptcy cases.

---

[3] All capitalized terms used but otherwise not defined herein shall have the meanings set forth in the Plan.

3

## **RESERVATION OF RIGHTS**

9. At this time, the Reorganized Debtors have not completed their review of the validity of all claims/expenses filed against their estates, including the Litigation Claims. Accordingly, the Litigation Claims may be the subject of additional subsequently-filed objections. To that end, the Reorganized Debtors reserve the right to further object to any and all Litigation Claims, whether or not the subject of this Objection, for allowance and/or distribution purposes, and on any other grounds. Furthermore, the Reorganized Debtors reserve the right to modify, supplement and/or amend this Objection as it pertains to any claim or claimant herein.

## **NOTICE AND PROCEDCURE**

10. Notice of this Objection has been provided to all Claimants with claims that are the subject to this Objection as identified on **Exhibit B**, and to parties-in-interest in accordance with the Court's *Order Establishing Certain Notice, Case Management, and Administrative Procedures* [Docket No. 106] (the "Case Management Order"). In accordance with this Court's *Order Approving Procedures for Filing Omnibus Objections to Claims* [Docket No. 529] ("Omnibus Claim Objection Procedures Order"), the following methods of service upon the Claimants are deemed to constitute due and sufficient service of this Objection: (a) service in accordance with Bankruptcy Rule 7004 and the applicable provisions of Federal Rule of Civil Procedure 4; (b) to the extent counsel for a Claimant is not known to the Reorganized Debtors, by first class mail, postage prepaid, on the signatory of the Claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the Claimant's behalf in the Reorganized Debtors' bankruptcy cases. The Reorganized Debtors are serving the Claimant with this Objection and the exhibit(s) on which the Claimant's claim is listed.

4

11.  To the extent any Claimant timely files and properly serves a response to this Objection by **4:00 p.m. (Eastern) on October 3, 2013** as required by the Case Management Order and under applicable law, and the parties are unable to otherwise resolve the Objection, the Reorganized Debtors request that the Court conduct a status conference with respect to any such responding claimant at **2:00 p.m. (Eastern) on October 23, 2013** and thereafter schedule the matter for a future hearing as to the merits of such claim.  However, to the extent any Claimant fails to timely file and properly serve a response to this Objection as required by the Case Management Order and applicable law, the Reorganized Debtors request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, disallowing such Claimant's claim in its entirety for all purposes in these bankruptcy cases.

## NO PRIOR RELIEF

12.  No previous request for the relief sought herein has been made to this Court or any other court.

**WHEREFORE**, for the reasons set forth herein, the Reorganized Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, sustaining the Objection and granting such other and further relief as is just and proper.

Dated: September 3, 2013
       Richmond, Virginia

AMF BOWLING WORLDWIDE, INC., *et al.*

By: */s/ Sarah B. Boehm*
Dion W. Hayes (VSB No. 34304)
John H. Maddock III (VSB No. 41044)
Sarah B. Boehm (VSB No. 45201)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Telephone: (804) 775-7875
Facsimile: (804) 775-1061

*Attorneys for the Reorganized Debtors*

5

## **Exhibit A**

**Proposed Order**

Dion W. Hayes (VSB No. 34304)
John H. Maddock III (VSB No. 41044)
Sarah B. Boehm (VSB No. 45201)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Telephone:    (804) 775-7875
Facsimile:    (804) 775-1061

*Attorneys for the Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| AMF BOWLING WORLDWIDE, INC., *et al.*,[1] | Case No. 12-36495 (KRH) |
| Reorganized Debtors. | Jointly Administered |

**ORDER SUSTAINING REORGANIZED DEBTORS' FIFTEENTH OMNIBUS OBJECTION TO CLAIMS (DISALLOWANCE OF CERTAIN LITIGATION CLAIMS)**

THIS MATTER having come before the Court on the Reorganized Debtors' Fifteenth Omnibus Objection to Claims (Disallowance of Certain Litigation Claims) (the "Objection"),[2] which requested, among other things, that the claims specifically identified on **Exhibit C** attached to the Objection be disallowed in their entirety and for all purposes in these bankruptcy cases for those reasons set forth in the Objection; and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number include: AMF Bowling Worldwide, Inc. (3272); 300, Inc. (3632); American Recreation Centers, Inc. (1151); AMF BCH LLC (9642); AMF Beverage Company of Oregon, Inc. (4960); AMF Bowling Centers Holdings, Inc. (1697); AMF Bowling Centers, Inc. (1662); AMF Bowling Mexico Holding, Inc. (7931); AMF Holdings, Inc. (5037); AMF WBCH LLC (9643); AMF Worldwide Bowling Centers Holdings, Inc. (1641); Boliches AMF, Inc. (9631); Bush River Corporation (7033); King Louie Lenexa, Inc. (0814); Kingpin Holdings, LLC (5411); and Kingpin Intermediate Corp. (5447). The location of the Reorganized Debtors' service address is: 7313 Bell Creek Road, Mechanicsville, Virginia 23111.

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Objection.

notice or service of the Objection need be given; and it further appearing that no response was timely filed or properly served by the Claimants being affected by this Order; and it appearing that the relief requested on the Objection is in the best interests of the Reorganized Debtors, their creditors, and other parties-in-interest; and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1. The Objection is SUSTAINED.

2. The Litigation Claims identified on **Exhibit 1** as attached hereto and incorporated herein are forever disallowed in their entirety for all purposes in these bankruptcy cases.

3. The Reorganized Debtors' rights to object to any claim including (without limitation) the Litigation Claims subject to the Objection, on any grounds that applicable law permits, are not waived and are expressly reserved.

4. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: Richmond, Virginia

_____, 2013

_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

2

WE ASK FOR THIS:


*/s/ Sarah B. Boehm*
Dion W. Hayes (VSB No. 34304)
John H. Maddock III (VSB No. 41044)
Sarah B. Boehm (VSB No. 45201)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Telephone:    (804) 775-7875
Facsimile:    (804) 775-1061

*Attorneys for the Reorganized Debtors*

## CERTIFICATION OF ENDORSEMENT UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ Sarah B. Boehm*

50182022

3

**Fifteenth Omnibus Objection**
**Exhibit B**
**List of Claimants**

In re: AMF Bowling Worldwide, Inc., et al.
Case No. 12-36495 (KRH)

| Claim No. | Name | CreditorNoticeName | Address1 | Address2 | City | State | Zip | As Filed Total Claim Amount | Exhibit |
|---|---|---|---|---|---|---|---|---|---|
| 1238 | Cooper Hurley, PLLC | John M. Cooper | 1100 Granby Street, Suite 100 | | Norfolk | VA | 23510 | UNLIQUIDATED | C |
| 1260 | Donna Ahlers | c/o Richard H. Narup, Esq. | Drake, Narup & Mead, P.C. | 107 East Allen Street | Springfield | IL | 62704 | $50,000.00 | C |
| 1308 | Marion Sharkey | Jay D. Umans, Esq. | 90 Merrick Ave, Suite 500A | | East Meadow | NY | 11554 | UNLIQUIDATED | C |
| 1307 | Melanie J. Ricalde | Elizabeth L. Gunn, Roy M. Terry, Jr., & John C. Smith | Sands Anderson PC | PO Box 1998 | Richmond | VA | 23218-1998 | UNLIQUIDATED | C |

**Total Claims: 4**

**Total Amount:** $50,000.00

Fifteenth Omnibus Objection  
Exhibit C  
No Liability Litigation Claims

Case 12-36495-KRH    Doc 1194    Filed 09/03/13    Entered 09/03/13 16:15:21    Desc Main
Document    Page 11 of 11

In re: AMF Bowling Worldwide, Inc., et al.  
Case No. 12-36495 (KRH)

| Claim No. | Name | CreditorNoticeName | Address1 | Address2 | City | State | Zip | ClaimAmount | Nature | DebtorName | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1238 | Cooper Hurley, PLLC | John M. Cooper | 1100 Granby Street, Suite 100 | | Norfolk | VA | 23510 | UNLIQUIDATED | General Unsecured | AMF Bowling Centers, Inc. | No liability litigation claim |
| 1260 | Donna Ahlers | c/o Richard H. Narup, Esq. | Drake, Narup & Mead, P.C. | 107 East Allen Street | Springfield | IL | 62704 | $50,000.00 | General Unsecured | AMF Bowling Worldwide, Inc. | No liability litigation claim |
| 1308 | Marion Sharkey | Jay D. Umans, Esq. | 90 Merrick Ave, Suite 500A | | East Meadow | NY | 11554 | UNLIQUIDATED | Admin Priority | AMF Bowling Worldwide, Inc. | No liability litigation claim |
| 1307 | Melanie J. Ricalde | Elizabeth L. Gunn, Roy M. Terry, Jr., & John C. Smith | Sands Anderson PC | PO Box 1998 | Richmond | VA | 23218-1998 | UNLIQUIDATED | Admin Priority | AMF Bowling Worldwide, Inc. | No liability litigation claim |

Total Claims: 4                                                                                                                    Total Amount:    $50,000.00