IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRIGNIA
Richmond Division

| | | |
|---|---|---|
| IN RE: | AMF BOWLING WORLDWIDE, INC., *et al.*, Debtors. | Case No. 12-36495-KRH Chapter 11 Jointly Administered |

SUMMIT CITY LIMITS, LLC

        Movant,

v.                                                                                                    Contested Matter

AMF BOWLING WORLDWIDE, INC.,
*et al.*,

        Respondent.

## **MEMORANDUM OPINION**

Before the Court is the motion of Summit City Limits, LLC (the "Movant") for Relief From Order: Motion To Alter and Amend Judgment (the "Motion). The Motion was argued before the Court on September 12, 2013 (the "Hearing"). At the conclusion of the Hearing, the Court announced that it was going to deny the Motion. This Memorandum Opinion sets forth the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").[1]

The Court has subject matter jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(a) and 1334 and the General Order of Reference from the United States District Court for

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. *See* Fed. R. Bankr. P. 7052.

the Eastern District of Virginia dated August 15, 1984. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (B), and (O), in which final orders or judgments may be entered by a bankruptcy judge. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409(a).

AMF Bowling Worldwide, Inc., (the "Reorganized Debtors")[2] filed these bankruptcy cases under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") on November 13, 2012 (the "Petition Date"). On November 14, 2012, the Court appointed Kurtzman Carson Consultants LLC ("KCC") as claims, noticing and balloting agent for the Reorganized Debtors in these Chapter 11 cases, pursuant to 28 U.S.C. § 156(c). On the same day, the Court entered an Order Authorizing and Approving (I) Rejection of Certain Unexpired Leases; and (II) Abandonment of Certain Personal Property, Each Effective *Nunc Pro Tunc* to the Petition Date (the "Lease Rejection Order") in accordance with 11 U.S.C. § 365.[3] Among the leases that were rejected by the Court's Lease Rejection Order was a lease with Movant for a 24,000 square foot facility located at 15400 South Robert Trail in Rosemount, Minnesota (the

---

[2] The Reorganized Debtors in the Chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number include: AMF Bowling Worldwide, Inc. (3272); 300, Inc. (3632); American Recreation Centers, Inc. (1151); AMF BCH LLC (9642); AMF Beverage Company of Oregon, Inc. (4960); AMF Bowling Centers Holdings Inc. (1697); AMF Bowling Centers, Inc. (1662); AMF Bowling Mexico Holding, Inc. (7931); AMF Holdings, Inc. (5037); AMF WBCH LLC (9643); AMF Worldwide Bowling Centers Holdings Inc. (1641); Boliches AMF, Inc. (9631); Bush River Corporation (7033); King Louie Lenexa, Inc. (0814); Kingpin Holdings, LLC (5411); and Kingpin Intermediate Corp. (5447).

[3] As of the Petition Date, the Debtors were operating 262 bowling facilities across the United States and in Puerto Rico. Prior to the Petition Date, the Debtors had analyzed their contractual obligations under their unexpired leases, in order to identify burdensome agreements in connection with potential rejection under § 365 of the Bankruptcy Code. As a result of that undertaking, the Debtors ceased operations at 11 bowling facilities and 1 retail facility. Notwithstanding the cessation of operations at these facilities, the Debtors remained obligated to pay rent under the Leases. By rejecting the leases under § 365 of the Bankruptcy Code, the Debtors were able to save millions of dollars in future rent that would come due over the remaining duration of the leases.

"Summit City Lease").  The Lease Rejection Order authorized Movant to file a lease rejection damage claim relating to the Summit City Lease by the claims bar date established by the Court.[4]

The Bankruptcy Rules provide that "[t]he court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."  Fed. R. Bankr. P. 2002(m); *see also* Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").  In accordance therewith, the Court entered an Order approving the form and manner of notice of the commencement of the Reorganized Debtors' Chapter 11 cases on November 14, 2012 (the "Notice Procedures Order").  Notices of both the commencement of the Reorganized Debtors' bankruptcy cases and the Lease Rejection Order were sent to Movant by KCC by first class mail to Movant's business address in Lakeville, MN at 21645 Boulder Creek Drive (Movant's "Business Address") in accordance with the Court's Notice Procedure's Order.

On December 20, 2012, the Court entered an Order Pursuant to Bankruptcy Code Sections 105 and 502 and Rules 2002, 3003(c)(3) and 9007 (I) Establishing Bar Dates for Filing Proofs of Claim; and (II) Approving the Form and Manner for Filing Proof of Claim; and (III) Approving Notice Thereof (the "Claims Bar Date Order").  The Claims Bar Date Order approved the form of the claims bar date notice as well as the manner in which that approved form of notice was to be given in accordance with Rules 2002(m) and 9007 of the Federal Rules of

---

[4] Bankruptcy Rule 3003(c) provides that "the Court shall fix [in a Chapter 11 case] and for cause shown may extend the time within which proofs of claim . . . may be filed." Fed. R. Bankr. P. 3003(c)(3).  "The requirement of a Bar Date in Chapter 11 enables the debtor . . . to establish the universe of claims with which it must deal and the amount of those claims." *In re A.H. Robbins Co.*, 129 B.R. 457, 459 (Bankr. E.D. Va. 1991).

Bankruptcy Procedure ("Claims Bar Date Notice"). The Claims Bar Date Notice was served on Movant as specified in the Court's Claims Bar Date Order at Movant's Business Address. In response to the Claims Bar Date Notice, Terrance J. Wagener, Esq. ("Wagener") timely filed a proof of claim on behalf of the Movant on February 8, 2013, in Wagener's capacities as Movant's counsel and agent.[5] The Proof of Claim was filed in the amount of $400,392 on account of the Reorganized Debtors' breach of the Summit City Lease with the Movant. The Proof of Claim instructed that future notices to Movant should be sent to:

> Summit City Limits LLC
> c/o Terrance J. Wagener
> 100 South Fifth Street, Ste 1400
> Minneapolis, MN 55402

On March 18, 2013, this Court entered an Order Approving Procedures for Filing Omnibus Objections to Claims (the "Objection Procedures Order"). Consistent, once again with the provisions of Rules 2002(m) and 9007 of the Federal Rules of Bankruptcy Procedure, the Objection Procedures Order included, in paragraph 4:

> The following methods of service of upon a claimant constitute due and sufficient service of an Omnibus Objection: (a) service in accordance with Bankruptcy Rule 7004 and the applicable provisions of Federal Rule of Civil Procedure 4; (b) to the extent counsel for a claimant is not known to the Debtors, by first class mail, postage prepaid, on the signatory of the claimant's proof of claim form or other representative identified in the proof of claim form or any attachment thereto; or (c) by first class mail, postage prepaid, on any counsel that has appeared on the claimant's behalf in the Debtors' bankruptcy case.

On May 23, 2013, the Reorganized Debtors filed their Thirteenth Omnibus Objection to Claims (Reduction and/or Modification of Certain Landlord Claims-Mitigation) ("Omnibus Objection 13"). Omnibus Objection 13 sought to reduce the Movant's claim from $400,392 to

---

[5] Claim No. 879 (the "Proof of Claim").

$32,244.34.  The Reorganized Debtors served Omnibus Objection 13 on the Movant, via first class mail, at the following addresses:

>Summit City Limits LLC
>c/o Terrance J. Wagener
>100 South Fifth Street, Ste 1400
>Minneapolis, MN 55402
>
>Summit City Limits LLC
>21645 Boulder Creek Drive
>Lakeville, MN 55044

The deadline for filing a written response to Omnibus Objection 13 was June 24, 2013.  Movant did not respond by the deadline set forth in Omnibus Objection 13.  Movant also failed to attend the omnibus hearing conducted by the Court on July 11, 2013.  Therefore, on July 24, 2013, this Court entered an Order on Reorganized Debtors' Thirteenth Omnibus Objection to Claims (Reduction and/or Modification of Certain Landlord Claims-Mitigation), reducing Movant's claim to $32,244.34 (the "Omnibus Objection 13 Order").

The Motion asks the Court to provide Movant relief from the Court's Omnibus Objection 13 Order pursuant to Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure.  A motion to alter or amend judgment under Rule 9023 of the Federal Rules of Bankruptcy Procedure must be filed no later than fourteen (14) days after entry of judgment. Fed. R. Bankr. P. 9023.  Even when such a motion is timely filed, however, altering or amending a previously entered order is regarded as "an extraordinary remedy which should be used sparingly" and subject to the court's discretion. *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir. 1998), cert. denied, 525 U.S. 1104 (1999); see *Mitrano v. Melka,* CA 1:09-CV-429 (AJT/JTA), 2009 U.S. Dist. LEXIS 104211, at *9 (E.D. Va. Nov. 5, 2009).  At the Hearing, Movant advised that it would not pursue its argument under Rule 9023 of the Federal Rules of

Bankruptcy Procedure and was relying completely on Rule 9024 of the Federal Rules of Bankruptcy Procedure.

A party seeking relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Civil Rule 60(b)"), made applicable to bankruptcy proceedings by Rule 9024 of the Federal Rules of Bankruptcy Procedure, must establish four threshold requirements: (i) that the motion is timely; (ii) that the movant has a meritorious defense to the action; (iii) that the opposing party would not be unfairly prejudiced by having the judgment set aside; and (iv) that exceptional circumstances warrant the requested relief. *See Dowell v. State Farm & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citing *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). Once the moving party has met its threshold burden, it must then demonstrate that it satisfies one of Civil Rule 60(b)'s six separate grounds for relief. *See id.* "Because [Civil] Rule 60 is an exception to the general policy of favoring finality of judgments, relief is granted only to prevent what would otherwise be a clear miscarriage of justice." *In re Jason,* Case No. 01-10082-SSM, 2005 Bankr. LEXIS 2833, at *14 (Bankr. E.D. Va. Sept. 13, 2005) (*citing Dowell*, 993 F.2d at 48).

Movant argues that service of the Reorganized Debtors' Omnibus Objection 13 was inadequate as it did not comport with Rule 7004 of the Federal Rules of Bankruptcy Procedure. Because service of Reorganized Debtors' Omnibus Objection 13 was not properly effected upon the Movant, Movant maintains that the Omnibus Objection 13 Order is void under Civil Rule 60(b)(4). The Court does not find this argument persuasive.

Parties are entitled to adequate notice of proceedings that may result in the "judicial denial of [that] party's claim." *City of New York v. New York, N.H. & H.R. R.R. Co.*, 344 U.S. 293, 297, 73 S.Ct. 299, 97 L.Ed. 333 (1953). For such a notice to satisfy due process

requirements, the notice must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co*. 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). *Mullane* "sets the standard for notice required under the Due Process Clause in Chapter 11 bar date cases." *In re Freedom Commc'ns Holdings, Inc*., 472 B.R. 257 (2012) (quoting *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 n.1 (3d. Cir. 1995)). Creditors that the Debtor either "actually knows" or who are "reasonably ascertainable" must be given actual notice in order to satisfy the *Mullane* "reasonably calculated" notice requirement. *In re J.A. Jones, Inc.,* 492 F.3d 242, 249 (4th Cir. 2007).

In the case at bar, the Reorganized Debtors delivered actual notice to the Movant at the address Movant specified in Movant's Proof of Claim in accordance with Rule 2002(g) of the Federal Rules of Bankruptcy Procedure and in compliance with the service requirements set forth in the Court's Objection Procedures Order. Movant does not deny that Omnibus Objection 13 was duly sent to Wagener, who was listed on the Proof of Claim as Movant's agent for purposes of receiving such notices. Movant does not deny that Omnibus Objection 13 was also sent to its Business Address. In fact, Movant does not deny that Wagener actually received Omnibus Objection 13. Rather, Movant contends that mailing notices such as Omnibus Objection 13 to an agent listed on a proof of claim is constitutionally deficient. Movant relies on the language of Rule 9014 of the Federal Rules of Bankruptcy Procedure which states that "in a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion . . . the motion shall be served in the manner provided for service of a summons and complaint by Rule 7004." Fed. R. Bankr. P. 9014(b). Movant argues that Reorganized Debtors' Omnibus Objection 13 was required to be served in accordance with Rule

7

7004 of the Federal Rules of Bankruptcy Procedure. *In re Boykin,* 246 B.R. 825 (Bankr. E.D. Va. 2000) (holding that an objection to a proof of claim had to be served in accordance with Rule 7004 of the Federal Rules of Bankruptcy Procedure).[6]

Rule 9014(b) of the Federal Rules of Bankruptcy Procedure is simply inapplicable. Although an objection to a claim is a contested matter,[7] it is not one commenced by motion. It is a contested matter "otherwise governed by the rules;" and, therefore, Rule 7004 does not control. *See In re Wilkinson,* 457 B.R. 530, 546 (Bankr. W.D. Tex. 2011); *State Line Hotel*, 323 B.R. 703, 712 (9th Cir. BAP 2005); *In re Hejl*, 85 B.R. 399, 400 (Bankr. W.D. Tex. 1988); *In re Hawthorne*, 326 B.R. 1, 5 (Bankr. D. Colo. 2005); *In re Anderson*, 330 B.R. 180, 186 (Bankr. S.D. Tex. 2005); *In re Hensley*, 356 B.R. 68 (77-79) (Bankr. D. Kan. 2006); *In re Parker*, 392 B.R. 490, 495-96 (Bankr. D. Utah 2008); *In re Arnott*, 388 B.R. 656, 660 (Bankr. W.D. Pa. 2008). Rule 3007 of the Federal Rules of Bankruptcy Procedure is the rule that pertains to claims objections, and it is this rule that applies as far as service of an objection to a proof of claim is concerned. *In re Wilkinson*, 457 B.R. 530 (referencing *State Line Hotel* 323 B.R. at 712; *In re Hejl*, 85 B.R. 399).

According to Rule 3007 of the Federal Rules of Bankruptcy Procedure "an objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice shall be mailed or otherwise delivered to the *claimant* . . . at least 30 days prior to the hearing." Fed. R. Bankr. P 3007 (Emphasis added.) Rule 2002(g)(1)(A) of the Federal Rules of Bankruptcy

---

[6] An important distinction between *Boykin* and this case is that *Boykin* was a Chapter 13 case in which the Court had never entered an order under either of Rules 2002(m) or 9007 of the Federal Rules of Bankruptcy Procedure designating the manner and procedure for serving notices.

[7] *In re IBIS Corp.*, 272 B.R. 883, 893 (Bankr. E.D. Va. 2001) ("Objections to proofs of claims are contested matters governed by Fed. R. Bankr. P. 9014."); *In re Fleming*, 2008 WL 4736269, at *1 (Bankr. E.D. Va. Oct. 15, 2008) ("The hearing on the claim objection is treated as a contested matter, and Fed. R. Bankr. P. 9014 applies.").

Procedure provides that "a proof of claim filed by a creditor . . . that designates a mailing address constitutes a filed request to mail notices to that address. . . ." Fed. R. Bankr. P. 2002(g)(1)(A). Once a creditor has submitted a proof of claim and designated on that proof of claim where future notices should be sent, "due process is satisfied by mailing the objection and notice to the name and address specified on the proof of claim for the receipt of notices in the case." *In re Hawthorne*, 326 B.R. at 5. In addition, Rules 2002(m) and 9007 of the Federal Rules of Bankruptcy Procedure permit the Court to regulate the manner in which notices will be properly served. The Court did just that in its Objection Procedures Order. Omnibus Objection 13 was served in accordance with that order. By mailing Omnibus Objection 13 to the address designated by Movant on its Proof of Claim form in accordance with the Court's Objection Procedures Order, the Reorganized Debtors properly served Movant pursuant to Rules 2002(g), 2002(m), 3007 and 9007 of the Federal Rules of Bankruptcy Procedure.

Finally Movant concedes that it did in fact receive actual notice of Omnibus Objection 13. Despite having received actual notice, Movant continues to maintain that the notice was inadequate because service was not properly effectuated under Rule 7004 of the Federal Rules of Bankruptcy Procedure.[8] However, service under Rule 7004 of the Federal Rules of Bankruptcy Procedure is not constitutionally mandated. If "a party was afforded actual notice consistent

---

[8] The Court's finding that service was properly effected under Rules 2002(g), 2002(m), 3007 and 9007 of the Federal Rules of Bankruptcy Procedure should not be construed to suggest that service of Omnibus Objection 13 on Movant's attorney and designated agent did not otherwise satisfy the requirements of Rule 7004 of the Federal Rules of Bankruptcy Procedure. Rule 7004(b)(3) of the Federal Rules of Bankruptcy Procedure states that service may be made upon "a domestic or foreign corporation . . . by mailing a copy of the summons and complaint to the attention of an officer, managing or general agent, or to any other agent authorized by appointment or law to receive service of process . . . ." Fed. R. Bankr. P. 7004(b)(3). Designation of an agent on a proof of claim to receive future notice may constitute such an appointment for purposes of Rule 7004. *See Deutsche Bank Nat'l Trist Co. v. Rogan (In re Allen)*, 417 B.R. 850, 853 (E.D. Ky. 2009); *Cruisephone, Inc. v. Cruise Ships Catering and Servs. N.V. (In re Cruisephone Inc.)*, 278 B.R. 325, 332-333 (Bankr. E.D.N.Y. 2002); *In re Chess*, 268 B.R. 150, 157-58 (Bankr. W.D. Tenn 2001); *In re Ms. Interpret*, 222 B.R. 409, 413 (Bankr. S.D.N.Y. 1998); *Green Tree Fin. Servicing Corp. v. Karbel*, 220 B/R/ 108, 112 (10th Cir. BAP 1998); *In re Village Craftsman*, 160 B.R. 740, 745 (Bankr. D.N.J. 1993).

with constitutional standards, then that party cannot claim a violation of its constitutional rights to due process of law simply because the technical requirements for service of process might not have been met." *In re Wilkinson*, 457 B.R. at 544.  See *Countrywide Home Loans, Inc. v. Terlecky (In re Fusco)*, 2008 WL 4298584, at *4-7, 2008 Bankr. LEXIS 2362, at *12-18 (6th Cir. BAP Sept. 19, 2008); *Beneficial Cal., Inc. v. Villar (In re Villar)*, 317 B.R. 88 93-95 (9th Cir. BAP 2004).

All the alleged technical inadequacies with service aside, Movant, nevertheless, did receive notice consistent with *Mullane*.[9]  There is simply no basis for setting aside the Court's Omnibus Objection 13 Order under Civil Rule 60(b)(4) as incorporated by Rule 9024 of the Federal Rules of Bankruptcy Procedure.

## Conclusion

For the foregoing reasons, the Court finds that the notice provided by the Reorganized Debtors to Movant of Omnibus Objection 13 was reasonably calculated, under the circumstances, to apprise the Movant of the Reorganized Debtors' objection to the Movant's Proof of Claim.  The Court holds that Omnibus Objection 13 was properly served on Movant pursuant to Rules 2002(g), 2002(m), 3007 and 9007 of the Federal Rules of Bankruptcy Procedure and as required by the Court's Objection Procedures Order.  As Omnibus Objection 13 was properly served upon and was actually received by the Movant, Movant cannot demonstrate that it is entitled to relief from the Court's Omnibus Objection 13 Order.  Accordingly, the request for relief under Rule 9024 of the Federal Rules of Bankruptcy Procedure will be denied.

---

[9] For notice to satisfy the strictures of due process it must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Freedom*, 472 B.R. at 261 (quoting *Mullane*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

A separate order shall issue.

Entered: _____

/s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE