Dion W. Hayes (VSB No. 34304)
John H. Maddock III (VSB No. 41044)
Sarah B. Boehm (VSB No. 45201)
K. Elizabeth Sieg (VSB No. 77314)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Telephone:     (804) 775-7875
Facsimile:     (804) 775-1061

*Attorneys for the Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| AMF BOWLING WORLDWIDE, INC., *et al.*,[1] | ) Case No. 12-36495 (KRH) |
| Reorganized Debtors. | ) Jointly Administered |

**FIRST SUPPLEMENTAL ORDER**
**ON REORGANIZED DEBTORS' FIFTEENTH OMNIBUS OBJECTION**
**TO CLAIMS (DISALLOWANCE OF CERTAIN LITIGATION CLAIMS)**

THIS MATTER having come before the Court on the Reorganized Debtors' Fifteenth Omnibus Objection to Claims (Disallowance of Certain Litigation Claims) (the "Objection");[2] and it appearing that due and proper notice and service of the Objection as set forth therein was good and sufficient and that no other further notice or service of the Objection need be given; and it appearing that certain claimants responded to the Objection; and the Court having entered the

---

[1] The Reorganized Debtors in these chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number include:  AMF Bowling Worldwide, Inc. (3272); 300, Inc. (3632); American Recreation Centers, Inc. (1151); AMF BCH LLC (9642); AMF Beverage Company of Oregon, Inc. (4960); AMF Bowling Centers Holdings, Inc. (1697); AMF Bowling Centers, Inc. (1662); AMF Bowling Mexico Holding, Inc. (7931); AMF Holdings, Inc. (5037); AMF WBCH LLC (9643); AMF Worldwide Bowling Centers Holdings, Inc. (1641); Boliches AMF, Inc. (9631); Bush River Corporation (7033); King Louie Lenexa, Inc. (0814); Kingpin Holdings, LLC (5411); and Kingpin Intermediate Corp. (5447).  The location of the Reorganized Debtors' service address is: 7313 Bell Creek Road, Mechanicsville, Virginia 23111. On August 13, 2013, the Court entered an order closing each of the foregoing cases except In re AMF Bowling Worldwide, Inc. (Case No. 12-36495).

[2] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Objection.

Order on Reorganized Debtors' Fifteenth Omnibus Objection to Claims (Disallowance of Certain Litigation Claims) [Docket No. 1255] (the "Initial Order"); and it appearing that the relief requested in the Objection is in the best interest of the Debtors, their estates and creditors and other parties-in-interest; and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein,

IT IS HEREBY ORDERED ADJUDGED AND DECREED THAT:

1. The Settlement Agreement and Stipulation By and Among the Reorganized Debtors and Marion Sharkey Modifying the Plan Injunction and Resolving the Reorganized Debtors' Fifteenth Omnibus Objection to Claim No. 1308 (the "Stipulation") attached hereto as Exhibit 1 and incorporated herein is hereby approved in its entirety.

2. Notwithstanding the Initial Order, Claim No. 1308 is withdrawn and disallowed in accordance with the terms set forth in the Stipulation.

3. The Initial Order remains in full force and effect except to the extent provided herein. To the extent this Order conflicts with the Initial Order, this Order shall control.

4. The Reorganized Debtors' rights to object to any claim including (without limitation) the Litigation Claims subject to the Objection, on any grounds that applicable law permits, are not waived and are expressly reserved.

5. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order.

Dated: Richmond, Virginia

Jun 23 2014
_____, 2014

/s/ Kevin R. Huennekens
_____
HONORABLE KEVIN R. HUENNEKENS
UNITED STATES BANKRUPTCY JUDGE

Entered on Docket: 6/24/14

WE ASK FOR THIS:

*/s/ John H. Maddock III*
Dion W. Hayes (VSB No. 34304)
John H. Maddock III (VSB No. 41044)
Sarah B. Boehm (VSB No. 45201)
K. Elizabeth Sieg (VSB No. 77314)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Telephone:     (804) 775-7875
Facsimile:      (804) 775-1061

*Attorneys for the Reorganized Debtors*


*/s/ Jay D. Umans*
Jay D. Umans, Esq.
90 Merrick Avenue, Suite 102
East Meadow, New York 11554
(516) 542-0200

*Attorney for Claimant*


## CERTIFICATION OF ENDORSEMENT
## UNDER LOCAL BANKRUPTCY RULE 9022-1(C)

Pursuant to Local Bankruptcy Rule 9022-1(C), I hereby certify that the foregoing proposed order has been endorsed by or served upon all necessary parties.

*/s/ John H. Maddock III*

**Exhibit 1**

Dion W. Hayes (VSB No. 34304)
John H. Maddock III (VSB No. 41044)
Sarah B. Boehm (VSB No. 45201)
K. Elizabeth Sieg (VSB No. 77314)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Telephone:     (804) 775-1000
Facsimile:     (804) 775-1061

*Attorneys for the Reorganized Debtors*

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| AMF BOWLING WORLDWIDE, INC., *et al.*,[3] | ) Case No. 12-36495 (KRH) |
| Reorganized Debtors. | ) Jointly Administered |

**SETTLEMENT AGREEMENT AND STIPULATION BY AND AMONG
THE REORGANIZED DEBTORS AND MARION SHARKEY
MODIFYING THE PLAN INJUNCTION AND RESOLVING THE REORGANIZED
DEBTORS' FIFTEENTH OMNIBUS OBJECTION TO CLAIM NO. 1308**

---

[3] The Reorganized Debtors in the chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number include:  AMF Bowling Worldwide, Inc. (3272); 300, Inc. (3632); American Recreation Centers, Inc. (1151); AMF BCH LLC (9642); AMF Beverage Company of Oregon, Inc. (4960); AMF Bowling Centers Holdings Inc. (1697); AMF Bowling Centers, Inc. (1662); AMF Bowling Mexico Holding, Inc. (7931); AMF Holdings, Inc. (5037); AMF WBCH LLC (9643); AMF Worldwide Bowling Centers Holdings Inc. (1641); Boliches AMF, Inc. (9631); Bush River Corporation (7033); King Louie Lenexa, Inc. (0814); Kingpin Holdings, LLC (5411); and Kingpin Intermediate Corp. (5447).  The location of the Reorganized Debtors' service address is:  7313 Bell Creek Road, Mechanicsville, Virginia 23111.  On August 13, 2013, the Court entered an order closing each of the foregoing cases except In re AMF Bowling Worldwide, Inc. (Case No. 12-36495).

This settlement agreement and stipulation (this "Agreement") is entered into by and among the above-captioned reorganized debtors (the "Debtors"),[4] on the one hand, and Marion Sharkey (the "Claimant" and, together with the Debtors, the "Parties" and each of which is a "Party"), on the other hand.

## GENERAL BACKGROUND

WHEREAS, on November 12, 2012 (the "Petition Date"), the Debtors each filed a voluntary petition in the United States Bankruptcy Court for the Eastern District of Virginia (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

WHEREAS, on May 17, 2013, the Debtors filed their *Second Modified Joint Plan of Reorganization of AMF Bowling Worldwide, Inc. and Its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 814]. The associated disclosure statement (the "Disclosure Statement") was approved on May 23, 2013;

WHEREAS, on June 25, 2013, the Court entered an order [Docket No. 1049] (the "Confirmation Order") confirming the *Third Modified Joint Plan of Reorganization of AMF Bowling Worldwide, Inc. and its Debtor Affiliates Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1023] (with all supplements and exhibits thereto, the "Plan"). The Plan became effective on July 1, 2013 [Docket No. 1077] (the "Effective Date"); and

WHEREAS, pursuant to Articles VII.B. and VIII.A. of the Plan, the Reorganized Debtors are authorized to compromise and settle claims without any further notice to or action, order, or approval of the Court.

## SETTLEMENT BACKGROUND

---

[4] Post-confirmation, the Debtors are referred to herein as the Reorganized Debtors.

2

WHEREAS, following the Petition Date, Claimant filed a complaint in the Supreme Court of the State of New York, Suffolk County (the "New York State Court"), styled *Marion Sharkey v. AMF Bowling Centers, Inc., d/b/a AMF Babylon Lanes, NY* (the "Action");

WHEREAS, in the Action, the Claimant asserts that she incurred certain personal injuries at an AMF bowling center and the Reorganized Debtors deny any wrongdoing or liability in connection with the Action (the "Claim");

WHEREAS, pursuant to 11 U.S.C. § 362(a) (the "Automatic Stay") the Action was stayed on the Petition Date;

WHEREAS, on August 15, 2013, Claimant filed a request for payment of administrative expense ("Claim No. 1308") asserting a $500,000 Administrative Claim against AMF Bowling Centers, Inc. on account of her alleged personal injuries set forth in the Action;

WHEREAS, on September 3, 2013, the Reorganized Debtors filed their *Fifteenth Omnibus Objection to Claims (Disallowance of Certain Litigation Claims)* [Docket No. 1194] (the "Fifteenth Omnibus Objection"), which objected to, among others, Claim No. 1308;

WHEREAS, Claimant responded to the Fifteenth Omnibus Objection [Docket No. 1336] (the "Response");

WHEREAS, pursuant to Article VIII.G. of the Plan and paragraph 108 of the Confirmation Order, all entities who held, hold or may hold claims against the Debtors or Reorganized Debtors that arose on or before the Effective Date shall be precluded and permanently enjoined on and after the Effective Date from, among other things, commencing or continuing in any manner an action to seek recovery for damages on any such claim except as specifically provided for in the Plan (the "Plan Injunction");

3

WHEREAS, on the Effective Date, the Automatic Stay was replaced by the Plan Injunction; and

WHEREAS, the Parties have agreed to modify the Plan Injunction solely on the terms and conditions set forth herein;

WHEREAS, the Parties wish to resolve the Fifteenth Omnibus Objection with respect to Claim No. 1308, the Response, the Claim, and the Action in their entirety by this Agreement.

NOW THEREFORE, subject to and in accordance with the Plan, for good and valuable consideration, including but not limited to the releases granted herein, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby **STIPULATE** and **AGREE** that:

1. Claim No. 1308 is hereby withdrawn and disallowed in its entirety.

2. The Response is withdrawn and the Fifteenth Omnibus Objection with respect to Claim No. 1308 is deemed resolved.

The Plan Injunction is hereby modified solely to the limited extent necessary to enable the Action to proceed to final judgment or settlement in the New York State Court in accordance with that certain *Stipulation dated as of April 23, 2014*. The Reorganized Debtors shall pay such final judgment or settlement in the ordinary course of their business.

Nothing contained herein shall be deemed an admission of liability on the part of the Debtors, the Reorganized Debtors, or Claimant with respect to Claim No. 1308, the Claim, and/or the Action.

Any and all other "claims" (as defined in section 101(5) of the Bankruptcy Code) or requests for payment of an administrative expense whether filed or asserted by Claimant or filed or asserted on her behalf and/or any liabilities scheduled by the Debtors are hereby disallowed and Claimant covenants and agrees not to file any additional claims (as a defined in section 101(5) of the Bankruptcy Code) or requests for payment of an administrative expense in these bankruptcy cases.

Except as provided for in this Agreement, Claimant, on her own behalf and on behalf of any person or entity claiming by, through, with, or as successor or assignee of Claimant, hereby releases, waives, and forever discharges the Debtors and the Reorganized Debtors, their affiliates and each of their respective successors and assigns, subsidiaries, parents, departments, divisions, predecessors, and all past and present employees, stockholders, officers, directors, trustees, partners, agents, brokers, contractors, professionals, tenants, and servants of the foregoing, and any party that the Debtors and/or the Reorganized Debtors may be obligated to indemnify on account of the claims asserted in Claim No. 1308 (collectively, the "Released Parties"), jointly and severally, from any and all claims, rights, title, interest, causes of action, remedies, damages, liabilities, liens, suits, demands, actions, costs, expenses, fees, controversies, setoffs, third party actions, or proceedings of whatever kind, whether at law, equity, administrative, arbitration, or otherwise; whether known or unknown, foreseen or unforeseen, suspected or unsuspected, which it has or had against the Released Parties, from the beginning of the world to the date of this Agreement.

Claimant hereby represents and warrants that no right, title or interest in Claim No. 1308 has been sold, assigned or otherwise transferred to any other person.

In entering into this Agreement, the Parties represent that they have relied upon the advice of counsel of their choice and/or such other persons as they may have deemed appropriate, and the terms of this Agreement are fully understood and voluntarily accepted. The Parties affirm and represent that they have received copies of this Agreement, carefully read and reviewed its provisions with their counsel or such other persons as referenced in this subsection, understand its contents, and have executed this Agreement voluntarily, without duress, and with the advice of such counsel or other persons.

Neither this Agreement, nor any statement made or action taken in connection with the negotiation of this Agreement, shall be offered or received in evidence or in any way referred to in any legal action (including, without limitation, the Action) or administrative proceeding among or between the Parties hereto, other than as may be necessary (a) to obtain approval of and to enforce this Agreement, or (b) to seek damages or injunctive relief in connection therewith.

Each of the Parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall perform any and all acts and things reasonably necessary or appropriate in conjunction with the performance of their respective obligations hereunder.

For the avoidance of doubt, no provision of this Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Parties hereto, their respective successors, and the Released Parties.

This Agreement shall be governed by and construed in accordance with the Bankruptcy Code and the internal laws of the Commonwealth of Virginia without regard to any choice of law provisions.

This Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

This Agreement constitutes the entire agreement and understanding of the Parties regarding the Agreement and the subject matter thereof.

The Court shall retain exclusive jurisdiction, and the Parties consent to such retention of jurisdiction, with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Agreement.

Each person or entity who executes this Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity

has full knowledge of and has consented to this Agreement.  The representations and warranties set forth in this paragraph shall survive execution of this Agreement.

This Agreement is subject to approval by the Court.  The Reorganized Debtors shall seek approval of the Agreement on or before the next available omnibus hearing date.

This Agreement shall not be modified, altered, amended or vacated without the written consent of all Parties hereto.

**IN WITNESS WHEREOF**, this Agreement is hereby executed as of the later of the dates set forth below.

**ACCEPTED AND AGREED TO BY**:

Dated: June 16, 2014


By: /s/ Jay D. Umans
Jay D. Umans, Esq.
90 Merrick Avenue, Suite 102
East Meadow, New York 11554
(516) 542-0200

*Attorney for Claimant*


Dated: June 17, 2014

By: /s/ John H. Maddock III
Dion W. Hayes (VSB No. 34304)
John H. Maddock III (VSB No. 41044)
Sarah B. Boehm (VSB No. 45201)
K. Elizabeth Sieg (VSB No. 77314)
McGUIREWOODS LLP
One James Center
901 East Cary Street
Richmond, Virginia 23219
Telephone:    (804) 775-1000
Facsimile:    (804) 775-1061

*Attorneys for the Reorganized Debtors*

57062375

7